**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FAISAL SALMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2544 |
| | § | |
| NORTH AMERICAN BENEFITS | § | |
| COMPANY, *et al*., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING MOTION TO REMAND
AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
AND GRANTING MOTION TO STRIKE JURY DEMAND**

The plaintiff, Faisal Salman, sued North American Benefits Co. (NABCO), BCS Insurance Co. (BCS), and OSJ Corp. d/b/a Mister Towing Services. Salman sued in state court, alleging that he was covered by a group accident-protection insurance policy that his former employer, Mister Towing Services, had obtained, but that the insurers had refused to pay him for all the medical expenses he incurred after he was injured in an accident at work. Salman alleged that he had lost control of the tow truck he was driving during his work and had been injured. He received some benefit payments under the insurance policy for medical bills. The insurance companies had then refused to continue to pay medical expenses or weekly indemnity benefits. Salman sued NABCO and BCS for denying or delaying payment under the insurance policy Mister Towing Services had obtained, and for cancelling the policy. Salman asserted claims under the Texas Insurance Code and for breach of the duty of good faith and fair dealing. NABCO and BCS removed, then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and to strike the jury demand, on the basis of ERISA preemption, 29 U.S.C. § 1001 *et seq*. (Docket Entry No. 2). Salman moved to remand,

(Docket Entries No. 9, 12), and filed responses to the motion to dismiss and to strike the jury demand, (Docket Entry Nos. 13, 16, 18).

Based on the motions and responses, the parties' submissions, and the applicable law, this court finds that ERISA applies and preempts the state-law claims; denies the motion to remand; grants the motion to dismiss the state-law claims, without prejudice and with leave to amend; and grants the motion to strike the jury demand. Salman must replead to assert ERISA claims no later than **January 4, 2013**. The reasons for these rulings are set out below.

## I.    Background

In his motion to remand, Salman asserted that the insurance policy fell under the Department of Labor's safe-harbor provision, 29 C.F.R. § 2510.3-1(j), so that ERISA preemption did not apply,[1] and that his was a worker's compensation claim that could not be removed to federal court. (Docket Entry No. 9). Salman responded to the defendants' motion to dismiss by arguing that ERISA did not apply because the insurance policy had been terminated for nonpayment of premiums by Mister Towing Services and could not cover medical expenses for treatment incurred after the policy was cancelled. (Docket Entry No. 13). The defendants responded, arguing that neither the safe-harbor provisions nor the worker's compensation removal bar applied. In response to Salman's argument that ERISA did not apply to claims for benefits for expenses incurred after the policy had been cancelled the defendants argued that under the policy's "extension of benefits" provision, such claims were still governed by ERISA. (Docket Entries No. 14, 15). Salman filed a counter-

---

[1] Salman's motion argued that the safe harbor barred ERISA preemption because the policy *failed* one element of the ERISA safe harbor. (Docket Entry No. 9, ¶ 6). Because the safe-harbor test elements are conjunctive, failure to satisfy one element would remove the plan from the ERISA safe harbor and would subject it to ERISA preemption. *See* 29 C.F.R. § 2510.3-1(j).

2

response to the defendants' response to the remand motion, in which he argued that ERISA did not govern because he was an independent contractor, not an employee. (Docket Entry No. 16). The defendants replied, noting that the policy specifically defined an "Insured" to include an independent contractor if that individual enrolled for such coverage, and Salman had alleged that he had been covered by the policy and had applied for and received some benefits before his claims for continued benefits were denied. (Docket Entry No. 17). Salman responded, asserting that notwithstanding his own prior references to Mister Towing Services as his "employer," the defendants' prior references to coverage for an employee judicially estopped them from now raising coverage for a "beneficiary." (Docket Entry No. 18).

The defendants' notice of removal includes a verified copy of the policy obtained by Mister Towing Services. (Docket Entry No. 1, Ex. 2, Blanket Accident Policy & Amendatory Rider). The policy provided accidental death and dismemberment, accidental medical and dental expense, and accidental weekly indemnity benefits. The policy required Mister Towing Services to pay the premiums and to provide enrollment documents and other information to the insurer and claim administrator. (*Id*. at 19). The policy stated on the first page that it was not a workers' compensation insurance policy and was instead an "Occupational Accident Plan." (*Id*., Blanket Accident Policy).

The policy defined an "Insured" as "an Eligible Person who is covered under the Policy." (*Id*. at 10). The definition of "Eligible Person" stated that "[a] Contractor, or an employee of a Contractor, may be an Eligible Person." (*Id*. at 9).

The policy contained an "Extension of Benefits" provision stating that payment of medical benefits would continue if the policy terminated while a plan member is "Totally Disabled" until

"the earliest of the following: (1) the end of the Accumulation Period, or 90 days, whichever is less; [or] (2) when the Insured is no longer Totally Disabled." (*Id*. at 10). The provision stated that weekly indemnity benefits would be extended "until the earliest of the following: (1) the date benefits would have ended if the Policy had otherwise remained in-force; or (2) the date the Insured is no longer Totally Disabled." (*Id*. at 11).

The question is whether ERISA applies to preempt the state-law claims and create federal-question removal jurisdiction, a basis to dismiss the state-law claims, and a basis to strike the jury demand. The answer is that it does.

## II.    Analysis

### A.    Remand

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir.1993). Because "removal jurisdiction raises significant federalism concerns," the statute must be strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). In determining whether a claim arises under federal law, the well-pleaded complaint rule allows a plaintiff "to decide what law he will rely upon" in pursuing his claims. *The*

*Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). "There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (alteration in original) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). A court may look beyond the face of the complaint to determine if federal law "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). The Supreme Court has held that state-law claims seeking relief within the scope of ERISA § 502(a)'s civil-enforcement provision, 29 U.S.C. § 1132(a)(1)(B), must be recharacterized as claims arising under federal law, and as so recharacterized are removable to federal court. *Metro. Life*, 481 U.S. at 60, 66–67; *see also McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998) ("[C]omplete preemption . . . 'recharacterizes' preempted state law claims as 'arising under' federal law for the purposes of . . . making removal available to the defendant."), *overruled on other grounds by Arana*, 338 F.3d at 440 n.11.

  **B.**  **ERISA Preemption**

 ERISA generally preempts a plaintiff's state-law causes of action when: (1) the state-law claim addresses areas of exclusive federal concern, and (2) the claim directly affects the relationship among traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants or beneficiaries. *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990); *Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001).

The first element of preemption is whether the state-law claims address areas of exclusively federal concern, including "the right to receive benefits under the terms of an ERISA plan." *Memorial Hosp.*, 904 F.2d at 245; *see also Hollis*, 259 F.3d at 414. The defendants argue that because Salman's causes of action are all claims for benefits under an employee welfare benefit plan that is subject to ERISA, his state-law claims are completely preempted.

Salman does not dispute that he is seeking to recover benefits under the insurance policy. He does dispute that the policy was an ERISA plan. His arguments are contradicted by the record. The policy shows that it meets the definition of an "employee welfare benefit plan" under ERISA, 29 U.S.C. § 1002(1), because it was purchased by Mister Towing Services to provide accidental death and dismemberment, accidental medical and dental expense, and accidental weekly indemnity insurance benefits to covered "Insureds."

Salman argues that the "safe harbor" provision excepts the policy from ERISA, but the record again defeats his argument. The policy requires Mister Towing Services to pay the premiums and requires Mister Towing Services to provide enrollment documents and other information to help with administration. The policy also clearly provides for an "ongoing administrative program," including to identify those eligible for coverage and calculate premium amounts. These requirements disprove two of the safe-harbor elements. *See* 29 C.F.R. § 2510.3-1(j) (excepting plans under which, *inter alia*, "[n]o contributions are made by an employer" and "[t]he sole functions of the employer . . . are . . . to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer").

Finally, the policy clearly shows that it is not a workers' compensation benefit plan but rather is an "Occupational Accident Plan." (Docket Entry No. 1, Ex. 2, Blanket Accident Policy). It is

6

covered by ERISA and the value of the claim does not trigger a bar to removal.  *See, e.g.*, *Lester v. Advanced Envtl. Recycling Techs., Inc.*, 248 F. App'x 492, 496 (5th Cir. 2007).

Salman argues that the denial of benefits after the policy was terminated for nonpayment of premiums by Mister Towing Service also precludes ERISA preemption for claims relating to the denial.  This argument is defeated by the Extension of Benefits provision in the policy.  The claims for reimbursement for medical expenses incurred after the policy terminated still relate to the ERISA plan.  Indeed, Salman asserted that he received some benefits after that date.  (*See* Docket Entry No. 13).

Salman also disputes that the claims directly affect the relationship among traditional ERISA entities — the employer, the plan and its fiduciaries, and the participants and beneficiaries.  *Memorial Hosp.*, 904 F.2d at 245; *see also Hollis*, 259 F.3d at 414.  Salman argues that he was an independent contractor of Mister Towing Service, not an employee, and therefore not a participant or beneficiary.  The case law and the policy terms defeat this argument.

ERISA defines a "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).  Salman is not a "participant" in the Mister Towing Services ERISA plan. Salman does, however, fall into the category of "beneficiary."

ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8). In *Hollis*, 259 F.3d at 415, the Fifth Circuit ruled that an independent contractor who became

covered under the terms of an ERISA policy, though not a "participant" under the plan's terms, should be treated as a "beneficiary" protected by ERISA, so that his state-law claims concerning the denial of his benefits were preempted. "[Hollis] was entitled to receive benefits under that policy in the event of total disability, and he did, in fact, receive benefits from Provident for several months. Therefore, under the definition's plain language, Hollis is a beneficiary." *Id.* In this case, the policy language defines as "Insured" as "an Eligible Person who is covered under the Policy" and defines "Eligible Person" to include a "Contractor" if that person is identified by the "Policyholder or the Contractor" in one of three specified ways. (Docket Entry No. 1, Ex. 2, at 4). Like the plaintiff in *Hollis*, Salman alleged that he was entitled to receive benefits under the policy and that he had received benefits under the policy after he was injured. The governing case law and the facts of this case defeat Salman's argument that his status as an independent contractor makes ERISA inapplicable.

The case law in other circuits is similar. In *Ruttenberg v. United States Life Insurance Co.*, 413 F.3d 652 (7th Cir. 2005), the Seventh Circuit ruled that an independent commodity trader, who was not an employee of the clearing firm that was a disability-plan sponsor but who was covered by the plan, was a "beneficiary" of the plan. The court emphasized that an ERISA beneficiary may be a person designated to receive benefits under the terms of the plan itself. *Id*. at 661–62; *see also Wolk v. Unum Life Ins.*, 186 F.3d 352, 356 (3d Cir. 1999); *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998); *Prudential Ins. Co. v. Doe*, 76 F.3d 206, 208 (8th Cir. 1996); *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 408–09 (9th Cir. 1995).

Salman's reliance on *Weaver v. Employers Underwriters, Inc*., 13 F.3d 172 (5th Cir. 1994), is unavailing. In that case, Weaver, an independent contractor, sued his employer and the insurance

8

carrier obligated to pay benefits under the ERISA benefit plan.  The court held that  ERISA did not preempt state law because Weaver was neither a plan participant nor a beneficiary.  *Id.* at 176. Weaver was not a participant because he was an independent contractor, and ERISA defines a participant as "any employee . . . who is or may become eligible to receive a benefit."  *Id.* (quoting 29 U.S.C § 1002(7)).  The court, however, gave an entirely different reason why Weaver was not a beneficiary.  Weaver was not a beneficiary because the benefit plan did not designate him as such and he therefore could not become entitled to benefits.  *See id.* at 177.  But his status as an independent contractor had no bearing on whether he was a beneficiary.  In *Hollis*, the court emphasized that "implicit in our holding in *Weave*r is that an independent contractor can be a beneficiary so long as he is a person 'who is or may become entitled to a benefit' under the plan," and concluded that "Hollis's independent contractor status does not preclude him from being a beneficiary."  259 F.3d at 415.  Salman's independent-contractor status did not preclude him from being a beneficiary under the policy terms.

Salman's judicial-estoppel argument is without merit.  The fact that the defendants discussed coverage for employees before Salman had identified himself as an independent contractor does not estop them from relying on coverage for beneficiaries in response to Salman's argument that he was not an employee and therefore his claims were not preempted by ERISA.  Salman referred to Mister Towing Service as his "employer" in his motion to remand.  (*See, e.g.*, Docket Entry No. 9, at 4). Judicial estoppel does not apply.

Salman's state-law claims are for violations of the Texas Insurance Code and for breach of the duty of good faith and fair dealing in the denial of benefits; he seeks to recover benefits denied under an ERISA plan. The Supreme Court has held that "any state-law cause of action that

duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).  ERISA completely preempts Salman's state-law claims and provides federal removal jurisdiction.  Salman's motion to remand is denied.

### C.    The Motion to Dismiss

Salman's state-law claims are dismissed for failure to state a claim upon which relief can be granted because they are preempted by the civil enforcement provisions of ERISA.  The motion to dismiss the complaint is granted, without prejudice and with leave to replead to assert ERISA claims.  Salman must file his amended complaint no later than **January 4, 2013**.

### D.    The Motion to Strike the Jury Demand

After finding that Salman's state-law claims are preempted by ERISA, the court must strike his jury demand, as there is no right to a jury trial in an ERISA case.  *See, e.g.*, *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998).

## III.    Conclusion and Order

Salman's motion to remand, (Docket Entry No. 9), is denied.  The defendants' motions to dismiss and to strike the jury demand, (Docket Entry No. 2), are granted.  The motion to dismiss is without prejudice and with leave to replead to assert ERISA claims no later than **January 4, 2013**.

SIGNED on December 7, 2012, at Houston, Texas.

Lee H. Rosenthal

United States District Judge

10