IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAISAL SALMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2544 |
| | § | |
| NORTH AMERICAN BENEFITS | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Faisal Salman, sued North American Benefits Co. (NABCO), BCS Insurance Co. (BCS), OSJ Corp. d/b/a Mister Towing Services and Abraham & Associates, PLLC. Faisal, who was a tow driver for Mister Towing, alleges that the defendants violated various provisions of the Employee Retirement Income Security Act (ERISA). NABCO and BCS move to dismiss on several grounds. They point out that this court ordered Salman to file an amended complaint by January 4, 2013 but that the complaint was not filed until January 9, 2013.[1] NABCO and BCS also argue that Salman's ERISA claims against them should be dismissed under Federal Rules of Civil Procedure 8 and 12(b)(6) because his allegations are confusing and conclusory. The defendants further contend that Salman's ERISA claims under 29 U.S.C. §§ 1109(a), 1132(a)(2) fail as a matter of law because those sections only permit plaintiffs to bring a claim when the plan as a whole is damaged — not when an individual beneficiary has been damaged.

---

[1] Salman has not shown "good cause" under Federal Rule of Civil Procedure 16(b)(4) for filing his complaint after the deadline and for failing to request an extension of that deadline. Because the delay was minimal and Salman's claims against NABCO and BCS are dismissed on other grounds, this court gives Salman leave to replead.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63 ("*Conley*'s 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . ."). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a

plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

Salman's complaint is difficult to understand. The only nonconclusory facts that Salman alleges is that he worked for Mister Towing and Mister Towing was required under a municipal ordinance to insure tow drivers under a workers' compensation or occupational safety insurance policy. The complaint does not allege whether Salman submitted or attempted to submit a claim under a Mister Towing policy, what that claim was for, whether it was rejected in whole or part, or, more generally, how Salman was injured by the defendants' actions.

Salman alleges that NABCO and BCS violated 29 U.S.C. § 1105(a)(1) and (3), and he requests relief under 29 U.S.C § 1109(a). Section 1105(a)(1) and (3) provide that liability may arise under ERISA for participating "knowingly in, or knowingly undertak[ing] to conceal, an act or omission of other fiduciary, know[ing] such act or omission is a breach," and for having "knowledge of a breach by such other fiduciary, unless . . . reasonable efforts [are made] under the circumstances to remedy the breach." Section 1109(a) provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Salman alleges that NABCO and BCS breached their fiduciary duties under ERISA by failing to insure that Mister Towing and its "agent," Abraham & Associates, diversified investments into the plan to minimize the risk of loss. But the complaint does not include any allegations about the insurance plan they owed fiduciary duties to. The complaint does not allege what investments are at issue or how they caused the plan harm.

In his response to the defendants' motion to dismiss, Salman asks this court to delay ruling on the motion for 60 days to allow the other defendants, Mister Towing and Abraham & Associates, to file answers so that "all of the facts can be revealed." (Docket Entry No. 25 at 2). Salman has not shown a basis for the delay. In deciding whether to grant a motion to dismiss under Rule 12(b)(6), a district court generally may not "go outside the complaint." *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The answers will not cure pleading deficiencies in the complaint.

The defendants' motion to dismiss, (Docket Entry No. 22), is granted, without prejudice and with leave to replead the claims against NABCO and BCS. Any amended complaint must be filed by **March 21, 2013**.

Because the pleading deficiencies leave the basis of the claims unclear, this court does not reach the defendants' arguments that the claims fail as a matter of law. The defendants may reassert those arguments if appropriate when the second amended complaint is filed or in a motion for summary judgment.

SIGNED on March 1, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge