IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAISAL SALMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-2544 |
| | § | |
| NORTH AMERICAN BENEFITS | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Faisal Salman, sued North American Benefits Co. ("NABCO"), BCS Insurance Co. ("BCS"), OSJ Corp. d/b/a Mister Towing Services ("Mister Towing"), and Abraham & Associates, PLLC. Faisal worked as a tow-truck driver for Mister Towing and was injured while working. He alleged that Mister Towing, its insurers, NABCO and BCS, and its agent, Abraham & Associates, were liable for breaching fiduciary duties owed under ERISA. (Docket Entry No. 35). This court previously dismissed Salman's claims against NABCO and BCS under Federal Rules of Civil Procedure 8 and 12(b)(6) because the allegations were conclusory, did not comply with the pleading requirements of Rule 8, and did not state a claim on which relief could be granted. The dismissal was without prejudice and accompanied by a grant of leave to file an amended complaint. Salman filed a second amended complaint. NABCO and BCS moved to dismiss on the ground that Salman's claims against them in the second amended complaint were not significantly different than in the earlier pleading. (Docket Entry No. 37). Abraham & Associates separately moved to dismiss. (Docket Entry No. 38). Salman filed a response to the motions to dismiss, (Docket Entry No. 40),

and NABCO and BCS filed a reply, (Docket Entry No. 44). Salman has also moved for leave to add state-law negligence claims against Mister Towing and Abraham & Associates. (Docket Entry No. 33). Mister Towing has not filed an answer, but Salman has not moved for entry of default or default judgment.

Based on the pleadings; the motions, responses, and reply; and the applicable law, this court concludes that Salman has again failed to state a claim on which relief can be granted or to meet the pleading requirements of Rule 8. Because he has previously amended without curing the pleading deficiency, and because the claims fail as a matter of law, further amendment of the ERISA claims would be futile. This court also declines to exercise supplemental jurisdiction to consider Salman's motion for leave to add state-law negligence claims against Abraham & Associates and Mister Towing because no federal claims as to these defendants remain.

Accordingly, the motion to dismiss Salman's claims against NABCO and BCS, (Docket Entry No. 37), is granted, with prejudice. The motion to dismiss Salman's ERISA claims against Abraham & Associates is granted, with prejudice. (Docket Entry No. 38). Salman's ERISA claims against Mister Towing are also dismissed, with prejudice. The motion to amend is denied, without prejudice. This case is remanded to the state court, without prejudice to Salman's ability to reassert the motion for leave to add state-law claims against Abraham & Associates and Mister Towing.

The reasons are explained in detail below.

I.   **The Motions to Dismiss the ERISA Claims**

   A.   **The Legal Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and

2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition to factual insufficiency, a complaint may be legally insufficient to state a claim for relief.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007)

(per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

**B.      Discussion**

Salman alleges that NABCO and BCS violated 29 U.S.C. § 1105(a)(1) and (3), and he requests relief under 29 U.S.C § 1109(a). Section 1105(a)(1) and (3) provide that liability may arise under ERISA for participating "knowingly in, or knowingly undertak[ing] to conceal, an act or omission of other fiduciary, knowing such act or omission is a breach," and for having "knowledge of a breach by such other fiduciary, unless . . . reasonable efforts [are made] under the circumstances to remedy the breach." Section 1109(a) states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Salman alleged that NABCO and BCS breached their fiduciary duties under ERISA by failing to ensure that Mister Towing and its "agent," Abraham & Associates, diversified investments into the plan to minimize the risk of loss.

The second amended complaint allegations against NABCO and BCS are factually insufficient. As with the earlier complaint, the second amended complaint does not include allegations about the insurance plan they owed fiduciary duties to. The second amended complaint does not allege what investments are at issue or how they caused the plan harm. In place of facts

4

supporting an inference that NABCO and BCS are liable under ERISA, Salman's complaint parrots the language of 29 U.S.C. §§ 1102(b) (1) and (4) and 1104(a)(1)(C). Pleading legal conclusions is not sufficient to state a claim.[1]

The second amended complaint allegations against NABCO and BCS are also legally insufficient to the extent Salman seeks damages for his ERISA fiduciary claims. Breach of fiduciary duty claims under §§ 1132(a)(2) and 1109 of ERISA require a plaintiff to seek relief that inures to the benefit of the plan as a whole, not to the benefit only of individual plan beneficiaries. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 139–145 (1985). There is no indication that Salman seeks any relief except to recover his personal damages, fees, and costs.

This court has previously dismissed Salman's claims against NABCO and BCS. Salman's repeated amendments have failed to cure the pleading deficiencies. Further amendment would be futile. The claims against NABCO and BCS are dismissed, with prejudice and without leave to amend.

Salman alleged that Abraham & Associates also violated 29 U.S.C. § 1105(a)(1) and (3). Salman alleged that Abraham & Associates failed to ensure that Mister Towing obtained insurance that met the requirements of a City of Houston ordinance governing police-authorized towing companies, or that Mister Towing adequately funded its ERISA plan. The second amended complaint continues to fail to allege facts about whether Salman submitted or attempted to submit

---

[1] In response to the dismissal motions, Salman cites to several court decisions stating that the Interstate Commerce Act does not preempt municipal safety regulation of towing companies. These cases do not appear relevant to whether Salman's complaint stated a viable claim under ERISA. To the extent that Salman's citations are directed at this court's previous order holding that his state-law claims are preempted under ERISA, (Docket Entry No. 19), Salman has not moved for reconsideration of that order or explained how the cases he cites are relevant. And Salman fails to explain why his claims against the defendants who are not subject to municipal safety regulations are not preempted.

a claim under a Mister Towing policy, what that claim was for, whether it was rejected in whole or part, why Salman did not receive benefits under the ERISA plan or, more generally, how Salman was injured by Abraham & Associates's actions or omissions. Salman does not specify how a federal ERISA claim might arise out of an allegation that an insurance policy fails to comply with a municipal ordinance. Salman's request for individual damages despite pleading a breach of fiduciary duty to the plan under §§ 1132(a)(2) and 1109 is further reason to dismiss Salman's ERISA claims against Abraham & Associates.

In addition, Salman has failed to plead facts suggesting that Abraham & Associates was a plan fiduciary or how an insurance policy that did not satisfy a City of Houston ordinance violated the duties of a plan fiduciary under ERISA. 29 U.S.C. § 1002(21)(A) provides that a person is a fiduciary with respect to an ERISA plan to the extent that:

> he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under [§ 1105(c)(1)(B)]. . . .

Salman has alleged only that Mister Towing "consulted" with Abraham & Associates in procuring an insurance policy. This does not sufficiently plead that Abraham & Associates is a plan fiduciary under ERISA.

Salman's ERISA claims against Abraham & Associates are dismissed. Because Salman has failed to plead a viable claim, despite having several opportunities to do so, the dismissal is with prejudice and without leave to amend. Salman's identical ERISA claims against Mister Towing are

6

also dismissed with prejudice and without leave to amend, on the same grounds. *See Silverton v. Dept. of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981), *cert. denied*, 454 U.S. 895 (1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

## III    The Proposed State-Law Claims

Salman also seeks leave to amend his complaint to assert state-law claims for negligence against Mister Towing and Abraham & Associates based on Mister Towing's failure to comply with a City of Houston ordinance requiring that it purchase certain kinds of insurance for its employees. (Docket Entry No. 33). This court declines to exercise supplemental jurisdiction to consider the proposed state-law claims against Mister Towing and Abraham & Associates.

District courts have discretion to remand a properly removed case in which the only remaining claims are asserted under state law, over which the federal court has supplemental jurisdiction. The following statutory factors apply in deciding whether to exercise or decline supplemental jurisdiction: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. 1367(c). The common-law factors described by the Supreme Court in *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988), also apply: judicial economy, convenience, fairness, and comity. *Id.* at 357; *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011).

Both the statutory and common-law factors support declining supplemental jurisdiction here. Although the proposed state-law claims do not raise novel or complex issues, the federal claims have

been dismissed with prejudice. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Judicial economy favors remand because the federal claims were dismissed at an early stage in the litigation and the proposed state-law claims have not yet been litigated. And comity favors having any state-law claims considered in the state court. *Enochs*, 641 F.3d at 160 (citation and internal quotation marks omitted).

## IV. Conclusion

For the reasons stated above, the motion to dismiss Salman's ERISA claims against NABCO and BCS, (Docket Entry No. 37), is granted, with prejudice. The motion to dismiss Salman's ERISA claims against Abraham & Associates is granted, with prejudice. (Docket Entry No. 38). Salman's ERISA claims against Mister Towing are also dismissed, with prejudice. The dismissal of NABCO and BCS from this suit is with prejudice. The motion for leave to amend to add state-law claims against Abraham & Associates and Mister Towing is denied, without prejudice to Salman's reassertion of the motion in the state court after remand. This case is remanded to the 270th Judicial District Court of Harris County, Texas.

SIGNED on June 3, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

8